BENJAMIN B. WAGNER
United States Attorney
JEFFREY A SPIVAK
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:13-MC-00055-MCE-EFB |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $19,880.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On January 16, 2013, agents with the U.S. Drug Enforcement Administration ("DEA") were contacted by Federal Express regarding a suspicious package located at a Federal Express facility in Redding, California.

2. When DEA agents opened the parcel, they found the defendant $19,880.00 in U.S. Currency bundled into eleven rubber-banded stacks. The parcel also contained five manila envelopes which had various numbers handwritten on the envelopes. The total of the numbers written on the envelopes totaled "19,880", the same amount as the defendant currency.

3. A certified drug dog alerted to the presence of the odor of drugs on the package containing the defendant currency.

///

1

4. The sender of the package was listed as Fred Fry with a return address of 3700 X Street, #59, Vancouver, WA 98663. In 1998, Fred Fry served 22 months in jail for a controlled substance offense. Fred Fry currently has a valid Washington state medical marijuana card.

5. The recipient of the package was listed as Dennis Fry, 17175 Dorval Lane, Anderson, CA 96007. Google Earth imagery of 17175 Dorval Lane obtained approximately eight months after the seizure of the currency reveals a cluster of plants consistent with an outdoor marijuana garden. Dennis Fry has a valid California state medical marijuana card.

6. The DEA seized the defendant currency and commenced administrative forfeiture proceedings, sending direct written notice to all known persons with a potential interest in the currency, and publishing notice to all others.

7. On or about March 11, 2013, the DEA received a claim from Fred Fry asserting an ownership interest the defendant currency.

8. The United States represents that it could show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6), or for any other reason.

9. Without admitting the truth of the factual assertions contained above, Fred Fry specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Fred Fry agrees that an adequate factual basis exists to support the forfeiture of the defendant currency. Fred Fry acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Fred Fry shall hold harmless and indemnify the United States.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

13. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

14. Upon entry of this Consent Judgment of Forfeiture, $4,880.00 of the $19,880.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

15. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $15,000.00 of the $19,880.00 in U.S. Currency shall be returned to Fred Fry through attorney Richard J. Troberman.

16. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

///

///

18. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

19. All parties will bear their own costs and attorney's fees.

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: September 10, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT